IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jovan D. Norton,                                        Case No. 1:16CV854

       Petitioner

       v.                                                  **ORDER**

Brigham Sloan,

       Respondent

This is a habeas corpus proceeding under 28 U.S.C. § 2254. On referral, the Hon. Kathleen B. Burke has filed her Magistrate Judge's Report and Recommendation (Doc. 9), to which the petitioner has filed objections. (Doc. 14). The respondent has file notice that he does not desire to file a response to the petitioner's objections. (Doc. 15).

On *de novo* review, I find the objections without merit and the Report and Recommendation well-taken. For the reasons that follow, I adopt the Report and Recommendation as this court's order, deny the petition, and decline to issue a certificate of appealabilitly.

### Background

A Cuyahoga County, Ohio, Court of Common Pleas jury returned a guilty verdict against the petitioner on two counts of kidnapping and one count of aggravated robbery, all with firearms specifications. The trial court imposed a total prison term on all four counts of seven years.

As discussed below, the petition asserts seven grounds for relief. The Magistrate Judge concluded that: 1) procedural default bars relief on grounds 3, 5, 6 and 7; 2) grounds 1 and 2 are not cognizable, are procedurally defaulted, and fail on the merits; and 3) ground 4 is not cognizable.

For the reasons that follow, on *de novo* review, I find the Magistrate Judge's analysis and conclusions well taken.

### 1. Trial Evidence

The evidence at trial was that petitioner, a gang member, approached the victim, a former gang member, as the victim was leaving work. A coworker, also a gang member, was with the petitioner, whom the victim knew from his past association with the gang.

The petitioner, whom the victim believed had a gun, forced the victim into the victim's car. He told the victim he wanted $300 and instructed him to drive to a liquor store. Once inside, the petitioner "snatched" money that the victim had taken from his wallet.

The victim tried to run, but his coworker, who was standing outside the store with two other confederates, stopped him. The victim then drove to the "Rascal House," ran inside, asked for help, and collapsed. The petitioner placed him in a choke hold and started to drag the victim out. Hearing approaching sirens (from an EMS vehicle the store owner had summoned), petitioner fled.

### 2. State Proceedings

### A. Direct Appeal

Petitioner asserted five assignments of error on direct appeal:

1. The Defendant should have been permitted to impeach the victim with his statement to police concerning his opinion of the robbery and personal experience with robberies.

  2.  The trial court erred by permitting the police detective to testify that she viewed a video of the crime when the court had previously ruled that such testimony was inadmissible.

  3.  The trial court's instruction that the jury should merely disregard the victim's statement that his testimony could cost him his life was insufficient to protect against the prejudice that the statement presented.

  4.  The jury's verdict as to the gun specifications were against the manifest weight of the evidence.

  5.  The trial court erred in ordering the Defendant to pay restitution in the amount of $470.

The court of appeals sustained the fifth assignment of error and overruled the other four assignments. The petitioner then sought review in the Ohio Supreme Court, reasserting the same claims as his first four assignments of error on direct appeal. The Ohio Supreme Court declined review.

### B. Application to Reopen

Next, the petitioner filed an Application to Reopen Appeal pursuant to Ohio R. App. P. 26(B), asserting:

  1.  Appellant was denied effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution where his appellate counsel omitted a dead bang winner, prejudicing appellant of receiving a full review by the court.

  2.  Appellant's mere presence in a vehicle in which he was receiving a ride to a relative's home, while in route to said relative's home being in the company of the driver of said vehicle, who just happen to stop in route to request money owed to said driver by the alleged victim, there was no evidence that they had [a] plan, that appellant possessed a gun during [the] incident, or that he assisted in a crime if no crime actually took place, the evidence was insufficient to support his convictions, in violation of his Constitutional rights under the Sixth and Fourteenth Amendments to the United States and Article I, Section 10 of the Ohio Constitution.

3

The Court of Appeals denied the application to reopen as meritless. Petitioner sought to secure review before the Ohio Supreme Court, but that court returned his filing unopened to him as untimely and impermissible because a defendant may not file a delayed appealed of a Rule 26(B) denial.

### 3. Federal Habeas Petition

The petition asserts eight grounds for relief:

1. The defendant should have been permitted to impeach the victim with his statement to police concerning his opinion of the robbery and personal experience with robberies.

2. The trial court erred by permitting the police detective to testify that she viewed a video of the crime when the court had previously ruled that such testimony was inadmissible.

3. The trial court's instruction that the jury should merely disregard the victim's's statement that his testimony could cost him his life was insufficient to protect against the prejudice that the statement presented

4. The jury's verdict as to the gun specification were [sic] against the manifest weight of the evidence.

5. Petitioner was denied effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution where his appellate counsel omitted a dead bang winner, prejudicing petitioner of receiving a full review by the court.

6. Petitioner's mere presence in a vehicle in which he was receiving a ride to a relative's home, while in route to said relative's home being in the company of the driver of said vehicle, who just happen[ed] to stop in route to request money owed to said driver by the alleged victim, there was no evidence that they had a plan, that petitioner possessed a gun during [the] incident, or that he assisted in the crime if no crime actually took place. The evidence was insufficient to support his convictions, in violation of the United States Constitution and Article I, Section 10 of the Ohio Constitution.

7. Petitioner contends that, when a court has imposed a fine and imprisonment, where the statute only conferred to punish by fine or imprisonment, and the fine has been

> paid, it cannot, even during the same term, modify the judgment by imposing imprisonment instead of the former sentence. The judgment of the court having been executed so as to be a full satisfaction of one of the alternative penalties of the law, the power of the court as to that offence is at an end. A second judgment on the same verdict is, under such circumstances, void for want of power, and it affords no authority to hold the party a prisoner, and he must be discharged.

## Discussion

### 1. Grounds 3, 5, 6 and 7 Are Procedurally Defaulted

#### A. Ground 3

In Ground 3, petitioner argues that the trial court's evidentiary curative instruction to the jury regarding a statement the victim made was erroneous. Default occurred, however, when his trial attorney did not object to the instruction.

The state appellate court overruled the assignment of error on the basis of want of timely objection and, as well, found no clear error warranting reversal. This suffices to find that procedural default bars consideration of this claim here. *E.g., Awkal v. Mitchell*, 613 F.3d 629, 648-649 (6th Cir. 2010) ("This court has held that [Ohio's] contemporaneous-objection rule is an adequate and independent state ground barring federal habeas review.").

In a careful and thorough analysis, the Magistrate Judge concluded that petitioner could not show cause for and prejudice from the default and otherwise was unable to overcome the procedural bar to relief in this court. I agree with her analysis and conclusions as to Ground 3.

#### B. Ground 5

Ground 5 asserts constitutionally defective assistance of counsel by his counsel's failing to: 1) present a "mere presence" defense; and 2) challenge the prosecutor's use of perjured testimony.

As the Magistrate Judge pointed out, petitioner's Rule 26(B) motion did not assert trial counsel was ineffective for failing to assert prosecutorial misconduct on direct appeal. He only argued that appellate (not trial) counsel should have raised the "mere presence" defense.

In any event, as the Magistrate Judge also concluded, petitioner's untimely filing in the Ohio Supreme Court from the denial of his Rule 26(B) motion constituted an additional procedural default barring consideration of both branches of Ground 5.

### C. Ground 6

As to Ground 6, petitioner's challenge to the sufficiency of the evidence, the Magistrate Judge concluded, and I agree, that petitioner's failure to raise this challenge in the course of his direct appeal from his conviction constitutes a procedural default barring review here.

That petitioner later raised this contention in his Rule 26(B) motion did not cure the original default. *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008) ("[A] Rule 26(B) application based on ineffective assistance cannot function to preserve the underlying substantive claim" because "the two claims are analytically distinct[.]").

Indeed, the appellate court treated petitioner's Rule 26 sufficiency contention as a challenge to appellate counsel's effectiveness. *State v. Norton*, 2015 WL 7571453, at *2, 5 (Ohio App.) ("We find that Petitioner has failed to establish the claim of ineffective assistance of appellate counsel through his second proposed assignment of error[, insufficient evidence]."). "In light of the requirements of Rule 26(B), the court's holding must be read as pertaining to the merits of [the petitioner's] ineffective assistance of appellate counsel claim, not his [underlying] state procedural rule claim." *Roberts v. Carter*, 337 F.3d 609, 615 (6th Cir. 2003).

On this basis the Magistrate Judge concluded that procedural default bars consideration of Ground 6. I agree.

### D. Ground 7

Ground 7 claims that the trial court's imposition of both a fine and imprisonment was improper. The Magistrate Judge found procedural default on the basis that petitioner never presented this claim in any state court.

The Magistrate Judge also rejected the petitioner's reformulation of this claim in his Traverse, where he challenged the trial court's order restitution of $470, on the principle that introduction of a new theory of relief in a traverse is impermissible. *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005). Thus, the Magistrate Judge correctly found the claim defaulted.

### 2. Grounds 1 and 2 Are Non-cognizable and, if They Stated a Federal Claim, Defaulted

### A. Ground 1

In ground 1 petitioner argues he should have been permitted to impeach the victim regarding the victim's statement to police wherein the victim allegedly stated that the victim had committed robberies before and that, had the victim committed this robbery, he would have done it differently.

On direct appeal, the state court, applying Ohio's Rules of Evidence, found no error and, in any event, no prejudice warranting reversal. *State v. Norton, supra*, 2015 WL 3899221, at * 3-4.

Applying the black letter doctrine that challenges to state court evidentiary rulings are not cognizable in a federal habeas proceeding, the Magistrate Judge concluded properly that relief was not available on Ground 1. *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law.").

To the extent that petitioner seeks here to assert a Sixth Amendment confrontation claim, the Magistrate Judge concluded that procedural default barred such claim. She correctly did so, as petitioner has never framed his challenge to restrictions on cross-examination in constitutional grounds.

Finally, though it was not necessary for the Magistrate Judge to do so, she examined this claim on its merits, and found it without merit. Citing *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985), she noted the constitutionally permissible limits on cross-examination. And, citing *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986), she concluded that the trial judge had properly exercised discretion to avoid confusion.

I agree with her reading of these cases in light of record, as I do with her application of the law applicable to non-cognizability and procural default.

### B. Ground 2

Ground 2 likewise asserts a challenge to the admissibility of evidence: namely testimony about a surveillance video that the trial court had earlier rule inadmissible.

On direct appeal, the appellate court held that, while the testimony should not have come in, the error from the isolated testimony was harmless beyond a reasonable doubt, and caused no substantial prejudice to the petitioner. *State v. Norton, supra*, 2015 WL 3899221, *4-5.

The Magistrate Judge found this claim non-cognizable for the same reasons she recited as to Ground 1. She also noted that petitioner had not pointed to a specific federal constitutional right that the trial court's ruling contravened.

Finally, applying *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993), and *Davis v. Ayala*, — U.S. —, —,135 S.Ct. 2187, 2197 (2015), the Magistrate Judge correctly upheld the state appellate court's determination that any error was harmless.

The Magistrate Judge also found this claim procedurally defaulted and, to the extent that petitioner seeks to establish a federal constitutional claim, without merit.

All the Magistrate Judge's determinations as to this Ground are entirely correct.

### 3. Ground 4 Is Not Cognizable

Ground 4 asserts the jury's verdict with respect to the gun specification is against the manifest weight of the evidence. As the Magistrate Judge pointed out, § 2254 limits federal habeas corpus relates to errors contravening the Federal Constitution. *Wilson v. Corcoran*, 562 US 1, 5 (2010).

A claim that a conviction is against the manifest weight of the evidence rests solely on state law and is not a cognizable claim in a federal habeas petition. *E.g., Ross v. Pineda*, 2011 WL 1337102, at *3 (S.D. Ohio) ("Whether a conviction is against the manifest weight of the evidence is purely a question of Ohio law.").

I agree with the Magistrate Judge's correct assertion that Ground 4, rooted solely in sate law, is not cognizable.

### Conclusion

For the foregoing reasons, and on the basis of *de novo* review, I find that the Magistrate Judge's Report and Recommendation (Doc. 9) is entirely correct in all respects, and that the petitioner is not entitled to habeas corpus relief.

It is, accordingly

ORDERED THAT:

1. The Magistrate Judge's Report and Recommendation (Doc. 9) be, and the same hereby is, adopted as the order of this court;

2. The petitioner's objections (Doc. 14) be, and the same hereby are, overruled;

3. The petition (Doc. 1) be, and the same hereby is, denied; and

4. No certificate of appealability will issue, as reasonable judges would not debate that the petitioner's claims are all procedurally defaulted, non-cognizable, or without merit.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge